10-2624-cr
United States v. Snyder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of July, two thousand eleven,

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             DEBRA ANN LIVINGSTON,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                                        *Appellee*,

            -v-                                 10-2624-cr

SHAWN M. SNYDER,

                                        *Appellant*.

_____

Appearing for Appellee:      Aaron J. Mango, Assistant United States Attorney (William J.
                             Hochul, Jr., United States Attorney, Western District of New York,
                             *on the brief*), Buffalo, N.Y.

Appearing for Appellant:     Kimberly A. Schechter, Federal Public Defender's Office, Western
                             District of New York, Buffalo, N.Y.

Appeal from the United States District Court for the Western District of New York (Skretny, *C. J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Shawn M. Snyder appeals from the judgment entered on June 23, 2010 in the Western District of New York (Skretny, *C.J.*) sentencing him to a 75-year term of imprisonment after he entered his plea of guilty to five counts of production of child pornography in violation of 18 U.S.C. § 2251(a). On appeal, Snyder argues his sentence is excessive, motivated by the district court's anger at the crimes Snyder committed rather than on a reasoned consideration of the 18 U.S.C. § 3553(a) factors. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review sentences for reasonableness, applying a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008). The district court is obligated to "consider all of the Section 3553(a) factors to determine whether they support the sentence requested by a party." *Gall v. United States*, 552 U.S. 38, 49 (2007). Snyder limits his challenge to the *substantive* reasonableness of his sentence, which we review by determining if the length of the sentence is reasonable in light of the factors set forth in Section 3553(a). We "set aside a district court's substantive determination only in exceptional cases where the trial court's determination cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation omitted) (emphasis in the original).

On appeal, Snyder argues his sentence is substantively unreasonable because the district court sentenced in anger, and failed to take into consideration the Section 3553(a) factors, including Snyder's mental impairment and family history. Snyder argues that the district court improperly emphasized the circumstances of the crime and the ability of the victims to recover.

While the district court did make reference to the circumstances of the crime and expressed anger and disgust, a reading of the record as a whole indicates the district court considered all of the Section 3553(a) factors, including Snyder's arguments regarding his mental impairments. The district court simply did not accept Snyder's arguments. The district court found that while Snyder tested with a below-normal IQ, it found he had manipulated the children and their parents, which "demonstrated significant sophistication." The district court also stated:

> Though your attorney argues in her papers that I should consider your mental impairment as grounds for a non-guidelines sentence, in my view you have demonstrated significant sophistication in your persuasion of the victims' parents, adults, to permit their children, to stay with you, as well in your persuasion of the victims to participate in your production utilizing them of child pornography.

(Sentencing Tr. 16:5-13).  Given the circumstances and the facts before the district court, and given that the trial court properly considered the Section 3553(a) factors, this case is not one of the "exceptional cases where the district court's determination cannot be located within the range of permissible decisions."  *Cavera*, 550 F.3d at 189.

We have considered the remainder of Snyder's arguments and find them to be without merit.  Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk